UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

LOUIS WHALEY,
LILLIE C. WHALEY, and
MARK WHALEY,

      Plaintiffs,

V.

CITY OF BURGIN, acting through the
BURGIN WATER DEPARTMENT and
GEORGE HENSLEY,

      Defendants.

CIVIL ACTION NO. 5:16-cv-25-KKC

OPINION AND ORDER

*** *** ***

This matter is before the Court on the Plaintiffs' Motion to Remand [DE 4] and Motion for Sanctions, Costs, and Attorney's Fees [DE 5]. For the reasons stated herein, the Court will deny both motions.

## I. BACKGROUND

This case, originally filed in the Mercer Circuit Court, involves a property dispute between the Plaintiffs and the City of Burgin. The Plaintiffs filed their Third Amended Complaint in state court on January 15, 2014. [DE 1-13.] Therein, the Plaintiffs alleged six counts: (1) Trespass and Unlawful Taking; (2) Negligence; (3) Violation of Due Process; (4) Tortious Interference with Contractual and Business Relations; (5) Defamation and Slander; and (6) Violation of the Kentucky Consumer Protection Act, KRS 367.110. [DE 1-13 at 6-9.] Count Three, titled "Violation of Due Process," was added for the first time in the Third Amended Complaint and states in its entirety as follows:

## COUNT III- VIOLATION OF DUE PROCESS

37. Paragraphs 1-36 are incorporated by reference as if fully set out herein.

38. Before terminating or limiting the supply of water to a person or business, the City of Burgin is required to provide that person or business with due process. Further, the City of Burgin cannot arbitrarily deny or provide inadequate water supply to a person or business or limit its water supply.

39. The Plaintiffs were arbitrarily denied and continue to be denied an adequate water supply by the City of Burgin, including its employees, agents, and representatives, and were not afforded due process prior to the termination of their water supply.

40. As a result of Defendants' unlawful and arbitrary termination of Plaintiff's water supply, Plaintiffs have been damaged in an amount that exceeds the minimum jurisdictional limits of this Court.

41. The termination of the water service and refusal to supply an adequate water supply to the Plaintiffs was without cause and unjustified, as such loss of water supply has created a dangerous situation and health and safety hazard for the occupants of the improvements located on the property.

42. The actions of the City of Burgin, through its employees, agents, and representatives, were willful, wanton, malicious, and reckless, and justify and award of punitive damages to the Plaintiffs

[DE 1-13 at 7-8.] The Prayer for Relief in the Third Amended Complaint requests "Attorney's fees and costs, as provided for in KRS 367.220(3)." [DE 1-13 at 10.]

On December 3, 2015, the Defendants filed a Renewed Motion for Summary Judgment. [DE 4-3.] Regarding the due process count, the Defendants stated:

"While Plaintiffs did not specify the authority for their due process cause of action, it is presumed that the alleged claim arises out of Section Two of the Kentucky Constitution. Plaintiffs' cause of action fails because the Court cannot grant the relief that Plaintiffs seek for the alleged violations because Kentucky law has no "enabling statute" that creates a private

right of action to recover money damages for alleged state
constitutional violations. *See St. Luke Hospital, Inc. v. Straub*,
354 S.W.3d 529, 533-34 (Ky. 2011).

[DE 4-3 at 10-11.] The Plaintiffs responded to the Renewed Motion for Summary Judgment
on January 11, 2016. [DE 1-20.] In their Response, the Plaintiffs asserted that their due
process claim was viable under the Fourteenth Amendment and cited 42 U.S.C. § 1983 for
the first time. [DE 1-20 at 13-14.] Prior to that Response, the Plaintiffs had not stated that
their due process claim was based on § 1983 nor did they explicitly characterize their due
process claim as a federal constitutional violation. A hearing was held on January 14, 2016,
during which the Mercer Circuit Court denied the Defendants' Renewed Motion for
Summary Judgment. [DE 4-1 at 3.]

   The Defendants thereafter filed their Notice of Removal on January 25, 2016, basing
removal on federal question jurisdiction pursuant to 28 U.S.C. § 1331. [DE 1 at ¶ 5.] The
Plaintiffs then moved for remand, arguing that the Defendants' removal was untimely
because "it became apparent that possible grounds for removal existed" on January 15,
2014, when the due process cause of action was first stated in the Third Amended
Complaint. [DE 4-1 at 4.] The Plaintiffs further argue that the Defendants waived their
right to removal because they litigated the due process claim in state court by filing the
Renewed Motion for Summary Judgment. [DE 4-1 at 4-5.] The Plaintiffs also filed a Motion
for Sanctions, Costs, and Attorney's Fees, claiming that the Defendants improperly sought
to remove this action far in excess of the permitted time period. [DE 5.]

   The Defendants maintain that their removal was timely because the removal clock
did not begin to run until January 11, 2016, when the Plaintiffs filed their Response to the
Renewed Motion for Summary Judgment. [DE 6 at 16.] The Defendants assert that the
Plaintiffs' Response was an "other paper" under 28 U.S.C. § 1446(b)(3) that for the first

3

time showed the federal nature of the Plaintiffs' claims.  They also argue there was no waiver because they filed the Renewed Motion for Summary Judgment in the state court before it became apparent that the case was removable. [DE 6 at 18.] Thus, the central question presented is whether the 30-day removal period was triggered by the Plaintiffs' Third Amended Complaint or their Response to the Renewed Motion for Summary Judgment.

## II. ANALYSIS

The Defendants first received solid and unambiguous information that this case was removable on January 11, 2016, when the Plaintiffs filed their Response to the Renewed Motion for Summary Judgment, meaning that the removal period did not begin until that date. The Defendants filed their Notice of Removal within 30 days thereafter, so their removal was timely.

The time limits for removal to federal court are stated in 28 U.S.C. § 1446. To properly remove a case, a defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). However, the 30-day period stated in § 1446(b)(1) "starts to run only if the initial pleading contains solid and unambiguous information that the case is removable." *Berera v. Mesa Med. Grp., PLLC,* 779 F.3d 352, 364 (6th Cir.) (citations and quotations omitted). "If the initial pleading lacks solid and unambiguous information that the case is removable, the defendant must file the notice of removal 'within 30 days after receipt ... of a copy of an amended pleading, motion, order or other paper' that contains solid and unambiguous information that the case is removable." *Id.* (citing 28 U.S.C. § 1446(b)(3)). "Section 1446(b)'s requirement of solid and unambiguous information is akin to actual notice." *Id.*

4

In *Berera*, a plaintiff purported to allege state law claims for unpaid wages against her former employer. 779 F.3d at 354. The Court held that the plaintiff had actually asserted a federal FICA refund claim, meaning that federal question jurisdiction existed. *Id*. at 358. As part of its analysis, the Sixth Circuit considered whether the Defendant had timely removed the case. The Court held that the plaintiff's pleadings, namely her complaint and amended complaint, failed to solidly and unambiguously inform the defendant that it could remove the case. *Id*. at 364. It noted that the "pleadings were sparse and vague and asserted purported state-law claims." *Id*. Essential to its decision, the Court explained that "[the defendant] was faced with a Complaint that (1) failed to use 'federal' or any similar descriptor to describe the 'payroll taxes and other withholdings' and (2) asserted purported state-law claims." *Id*. at 365. Therefore, the Court found that the pleadings did not trigger the removal period. Rather, the defendant did not receive solid and unambiguous information that it could remove the case until the plaintiff's counsel conceded during a hearing that FICA taxes were involved in the calculation of damages. *Id*.

In another case, *Warthman v. Genoa Township Bd. of Trustees,* the Sixth Circuit affirmed a district court's remand to state court on the basis that the complaint did not state a federal cause of action. 549 F.3d 1055 (6th Cir. 2008). The district court found that the plaintiff in *Warthman* did not assert a federal claim, and the Sixth Circuit agreed, even though the complaint contained an explicit reference to the Fourteenth Amendment to the United States Constitution. The Court specifically noted that "[s]ection 1983 was not mentioned anywhere in the [plaintiff's] complaint," and held that "the omission of a reference to § 1983 in a carefully drafted complaint filed by a plaintiff represented by counsel should have provided the [defendant] with notice that [plaintiff's] reference to the Due Process Clause was not intended to raise a federal cause of action." *Id*. at 1063. Thus,

5

the Court put great emphasis on the fact that § 1983 was not cited in the complaint when it found that the defendant should have known that no federal due process claim was asserted. Ultimately, the Court held that the defendant's removal was not objectively reasonable, and therefore potentially subject to sanctions, because it rested removal solely on a single mention of the Fourteenth Amendment in a carefully drafted complaint that pled only state-law claims. *Id*. at 1064.

Turning to the present case, Count Three of the Third Amended Complaint alleges a due process violation, which, generally speaking, could invoke state law, federal law, or both. However, upon inspection it is clear that the Plaintiffs' Third Amended Complaint did not contain solid and unambiguous information that the Plaintiffs were asserting a federal cause of action. As in *Berera*, the Third Amended Complaint did not contain any reference to federal law or the United States constitution, and did not use any similar descriptor to describe the due process claim. 779 F.3d at 365. Moreover, the Third Amended Complaint was prepared by counsel, but did not cite § 1983 whatsoever. Under *Warthman*, such an omission indicates to defense counsel that the plaintiff did not intend to assert a federal due process claim. 549 F.3d at 1063. Had the Defendants removed based solely on the mention of "due process" in the Third Amended Complaint without any citation to § 1983, *Warthman* holds that their removal would not have been objectively reasonable and would have exposed the Defendants to potential sanctions. *Id*. at 1064. Thus, under the relevant Sixth Circuit precedent, the Third Amended Complaint did not contain solid and unambiguous information that the case was removable and therefore did not trigger the 30-day removal period.

Additionally, the language of the due process count in the Third Amended Complaint tracks the manner in which due process actions are asserted under Kentucky

6

law, but omits key allegations relevant to a federal § 1983 claim. Section Two of the Kentucky Constitution, titled Absolute and Arbitrary Power Denied, provides that "[a]bsolute and arbitrary power over the lives, liberty and proper of freemen exists nowhere in a republic. Ky. Const. § 2. Similarly, the Third Amended Complaint alleges that the "City of Burgin cannot *arbitrarily deny* or provide inadequate water supply . . . ," that "Plaintiffs were *arbitrarily denied* an adequate water supply . . . ," and that "[a]s a result of Defendants' unlawful and *arbitrary termination*, Plaintiffs have been damaged . . . ." [DE 1-13 at ¶¶ 38-40.] (emphasis added). Yet, there is no assertion in the due process count that the Defendants acted under color of state law, which is a basic requirement of a § 1983 claim. *See*, *e.g.*, *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) ("To prove a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that he was subjected to or caused to be subjected to this deprivation by a person acting *under color of state law*.") (emphasis added). The wording of the due process count, which strongly suggests that the Plaintiffs intended to assert the claim exclusively under Kentucky law, further supports the conclusion that the Third Amended Complaint did not provide solid and unambiguous information that a federal claim was being asserted.

It is also appropriate to consider the due process claim within the context of the Third Amended Complaint as a whole. Most notably, in the Prayer for Relief, the Plaintiffs request "[a]ttorney's fees and costs, as provided for in KRS 367.220(3)." [DE 1-13 at 10.] However, the Plaintiffs do not request the same under § 1988(b), which provides that the prevailing party in a § 1983 action may recover attorney's fees. 42 U.S.C. § 1988(b). A defendant could reasonably interpret this omission as more evidence that only state law claims were being asserted. Moreover, each of the Plaintiffs' other causes of action, namely

7

trespass and unlawful taking, negligence, tortious interference, defamation and slander, and violation of the Kentucky Consumer Protection Act, appear to be based on Kentucky law only. *See* [DE 1-13 at 6-9.] In their Motion to Remand, the Plaintiffs do not assert that any of their other claims contain federal causes of action. *See* [DE 4-1.] Thus, the Defendants were presented with a due process claim that was devoid of any reference to federal law or § 1983, styled after the Kentucky Constitution, and couched among other exclusively state law claims. The pleadings suggest that the Plaintiffs, as the masters of their complaint, intentionally avoided asserting federal claims so as to prevent removal. *See Warthman*, 549 F.3d at 1063 (the "plaintiff is the master of his complaint" who can "obviate removal to federal court by exclusively pleading state-law claims."). Under the circumstances of this case, there was no solid and unambiguous information in the Third Amended Complaint to put the Defendants on notice that the case was removable.

The Plaintiffs make two other arguments in favor of remand, neither of which is persuasive. First, the Plaintiffs argue that in the two years following the filing of the Third Amended Complaint, "the Defendants made no attempt through the discovery process to ascertain the basis of the Plaintiffs' Due Process claim." [DE 4-1 at 4.] While it appears that the Sixth Circuit has yet to address this specific issue, the First, Second, Seventh, Ninth, and Tenth Circuits have all recently held that a defendant does not have a duty to investigate removability. *Romulus v. CVS Pharmacy, Inc.,* 770 F.3d 67, 75 (1st Cir. 2014) ("The defendant has no duty, however, to investigate or supply facts outside those provided by the plaintiff."); *Cutrone v. Mortgage Electronic Registration Systems, Inc.*, 749 F.3d 137, 145 (2nd Cir. 2014) ("We do not require a defendant to perform an independent investigation into a plaintiff's indeterminate allegations to determine removability . . ."); *Walker v. Trailer Transit, Inc.,* 727 F.3d 819, 825 (7th Cir. 2013); *Kuxhausen v. BMW Fin.*

8

*Servs. NA LLC,* 707 F.3d 1136, 1141 (9th Cir. 2013); *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998). In keeping with these decisions, the Defendants had no obligation to further investigate the due process claim. Despite the relatively long amount of time elapsed between the filing of the Third Amended Complaint and the Defendants' removal, it was the Plaintiffs' responsibility to provide solid and unambiguous information that case was removable if they wanted the removal clock to run.

Second, the Plaintiffs argue that the Defendants knew the due process claim was based on federal law at the time they filed the Renewed Motion for Summary Judgment because the Defendants argued therein that there is no private right of action under Kentucky law for violations of the state constitution. [DE 4-1 at 3.] The Plaintiffs essentially argue that because the Defendants were aware that the claim could not be maintained under Kentucky law, they should have known that it was being asserted as a federal claim. This argument must also be rejected. As the Defendants point out, plaintiffs often pursue unmeritorious claims. The fact that the Defendants could refute the due process claim under Kentucky law does not change the reality that the Third Amended Complaint failed to cite federal law or § 1983, and utilized state law terms to assert the due process claim. Requiring the Defendants to remove based on an inference such as that argued by the Plaintiffs would undercut the solid and unambiguous standard established by the Sixth Circuit. The Plaintiffs' position invites the type of speculation about what a defendant knew or should have known that bright-line removal rules seek to avoid. *See, e.g., Walker*, 727 F.3d at 823 (discussing the desirability of bright-line rules governing removal.).

The Defendants first received solid and unambiguous information that this case was removable when the Plaintiffs submitted their Response to the Renewed Motion for

9

Summary Judgment.  The Plaintiffs stated for the first time that their due process claim was not limited to Kentucky law and cited the Fourteenth Amendment to the United States Constitution and § 1983. [DE 1-20 at 13-14.] Therefore, the Response was an "other paper from which it [could] first be ascertained that the case" was removable. 18 U.S.C. § 1446(b)(3); *see also Berera*, 779 F.3d at 365-66 (discussing the definition of "other paper."). As such, the Response triggered the 30-day removal period. The Defendants filed their Notice of Removal within 30 days from the filing of the Response, so their removal was timely.

Finally, the Plaintiffs also assert that the Defendants waived their right to removal by litigating the due process claim in state court. [DE 4-1 at 4-5.] Specifically, the Plaintiffs argue that the Defendants "chose to have the merits of their case decided by the Mercer Circuit Court when they filed their Renewed Motion for Summary Judgment." [DE 4-1 at 5.] Regarding waiver of removal, a Court in this District previously stated:

> [A] defendant may waive the right to remove an action to federal court by taking actions in state court, *after it is apparent that the case is removable*, that manifest the defendant's intent to have the case adjudicated in state court and abandon the right to a federal forum.

Queen v. Dobson Power Line Const. Co., 414 F. Supp. 2d 676, 678 (E.D. Ky. 2006) (emphasis added). Here, the Court has held that the Defendants first received notice that the case was removable when they received the Plaintiffs' Response to the Renewed Motion for Summary Judgment. Therefore, the filing of the motion does not constitute an action taken *after* removability was established. Rather, the Defendants filed the motion in state court before it became apparent that the case could be removed. Given this sequence of events, the Defendants did not waive their right to removal. *See also Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998) (holding that the filing of a motion for

10

summary judgment in state court before removability became apparent did not bar removal.).

### III. CONCLUSION

For the reasons stated above, the Defendants properly removed this case. Since the Court is denying the Motion to Remand, the Court must also deny the Plaintiffs' Motion for Sanctions, Costs, and Attorney's Fees. [DE 5.]; *see* 28 U.S.C. § 1447(c). Accordingly, the Court **HEREBY ORDERS** that the Plaintiffs' Motion to Remand [DE 4] and Motion for Sanctions, Costs, and Attorney's Fees [DE 5] are **DENIED**.

Dated July 21, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

11